UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cr-20672
    Honorable Linda V. Parker

JOSEPH GILL,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 51)

Defendant Joseph Gill ("Mr. Gill" or "Defendant") pled guilty on September 28, 2023, to one count of wire fraud (Count One) in violation of 18 U.S.C. § 1343, one count of aggravated identity theft (Count Three) under 18 U.S.C. § 1028A(a)(1), and one count of felon in possession of a firearm (Count Six) under 18 U.S.C. § 922(g)(1). (ECF No. 30.) Subsequently, the Court sentenced him to a total of 44 months of imprisonment—concurrent terms of 20 months for Count One and Count Six, and 24 months for Count Three—followed by two years of supervised release. (ECF No. 41 at PageID.310.)

On May 20, 2024, Mr. Gill filed a notice of appeal. (ECF No. 46.) Mr. Gill's counsel filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Sixth Circuit affirmed the Court's sentence as applied to

Mr. Gill, granted his counsel's motion to withdraw, and denied Mr. Gill's request for new counsel. (ECF No. 69.)

Presently before the Court is Mr. Gill's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed July 29, 2024. (ECF No. 51.) The Government ("Plaintiff") filed a response on August 20, 2024. (ECF No. 58.) The Court noted that both parties failed to address Mr. Gill's "dangerousness" as set out in *United States v. Williams*, which is required to evaluate the constitutionality of § 922(g)(1) as applied to Mr. Gill. *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); (ECF No 62 at PageID.431.) Consequently, the Court ordered Mr. Gill to file a supplemental brief addressing the "dangerousness" factor discussed in *Williams*. (*Id.* at 432.) Mr. Gill filed a supplemental brief on October 17, 2024, and Plaintiff filed a response to the supplemental brief on October 31, 2024. (ECF No. 63; ECF No. 64.) For the reasons set out below, Mr. Gill's motion is denied.

## I.  Factual Background

Beginning on April 26, 2022, the Livonia Police Department (LPD) began investigating reports of identity theft. (ECF No. 36 at PageID.188.) On April 29, 2022, LPD officers executed a search warrant at Mr. Gill's residence. (*Id.* at PageID.187.) As officers made entry into the home, Mr. Gill exited through the back door, at which time he was taken into custody. *Id.* During the execution of the search warrant, LPD found several fraudulent social security cards, fraudulent

2

credit cards, fraudulent checks, and 63 fraudulent identification cards from various states. *Id.* All identification cards had Mr. Gill's picture with different names. Additionally, officers located three firearms in Mr. Gill's bedroom, including one Glock 23 handgun, one Glock 45 handgun, and one AK-Style firearm. The Glock 23 handgun was previously reported stolen. *Id.* Subsequent analysis ballistically linked the Glock 45 handgun to a non-fatal shooting on March 23, 2023, and a homicide on December 8, 2021. (ECF No. 35-4 at PageID.172.)

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct the sentence before the court who imposed the sentence. The defendant must show that the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* "When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings." *United States v. Rendon*, No. 06-20216; 12-15136, 2016 U.S. Dist. LEXIS 43154, at *5-6 (E.D. Mich. Mar. 31, 2016) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)); *see also Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Ultimately, "[t]o prevail under § 2255, [Defendant]

3

must make a showing of a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F. 2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

To obtain collateral relief under § 2255, a defendant must clear a significantly higher hurdle than would exist on direct appeal. *Gamboa v. United States*, No. 05-cv-199, 2005 U.S. Dist. LEXIS 25868, at *3 (W.D. Mich. Oct. 20, 2005) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). A defendant may not raise claims in a § 2255 motion, regardless of the constitutional or jurisdictional magnitude, to which no contemporaneous objection was made or were not presented on direct appeal, unless the defendant can show good cause for the failure and actual prejudice from such failure. *Napier v. United States*, 159 F.3d 956, 959 (6th Cir. 1998) (quoting *Frady*, 456 U.S. at 167).

### III.  Applicable Law and Analysis

#### A. Motion to Vacate Under § 922(g)(1)

First, the Court notes that Defendant waived his right to challenge his sentence when he agreed to his plea agreement. (ECF No. 30 at PageID.111.) Nevertheless, in an effort to address Defendant's concerns and to preclude any claim that the charges are inconsistent with his constitutional rights, the Court will discuss whether Defendant's charge under § 922 is constitutional in light of the

4

Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen.*

*Background of Bruen and Analysis of § 922(g)(1)*

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, the Supreme Court established a two-step framework for analyzing whether an individual's Second Amendment rights were violated and held that the regulation of those rights must be consistent with "the "Nation's historical tradition of firearm regulations." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 596 U.S. 1, 17 (2022).

To assess the constitutionality of a firearms regulation under the new framework in *Bruen*, courts must follow a two-step approach. First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 17. Second, when a regulation burdens such presumptively protected conduct, [t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

*The Williams Framework*

The Sixth Circuit Court of Appeals clarified the impact of *Bruen* on Sixth Circuit precedent concerning the constitutionality of §922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). Ultimately, the Sixth Circuit found that in light of the Nation's history and tradition, "most applications of §922(g)(1) are

5

constitutional" and that the statute is constitutional on its face and "as applied to dangerous people." *Id.* at 646. However, the court left open the possibility of an as-applied challenge should a defendant prove he is not dangerous, "and thus falls outside of § 922(g)(1)'s constitutionally permissible scope[.]" *Id.*

The *Williams* court provided three categories under which to review a defendant's past conduct to guide the dangerousness analysis. In the first category are crimes against a person such as "murder, rape, assault, and robbery." *Williams*, 113 F. 4th at 658. The court noted that a history of violent crimes like these are "strong evidence that an individual is dangerous." *Id.* The second category includes crimes that are, "not strictly crimes against the person, [but] [may] nonetheless pose a significant threat of danger." *Id.* at 659. The court stated that convictions for these crimes will often "put someone's safety at risk and thus justify a finding of danger." *Id.* at 659. The court emphasized that a person who falls into the first two categories will have a "very difficult time" showing that they are not dangerous. *Id.*

In the final category are "crimes that cause no physical harm to another person or the community," such as mail fraud and making false statements. *Id.* The *Williams* court stated that these cases are a "more difficult category, but that district courts will likely have no trouble concluding that many of these crimes don't make a person dangerous." When evaluating a defendant's dangerousness, a

6

court may consider a defendant's entire criminal record, not just the specific felony underlying the §922(g)(1) charge. *Id.* Courts may also consider other judicially noticeable information when assessing a defendant's dangerousness. *Id.* at 600.

*Defendant's Facial and As-Applied Challenges to § 922(g)(1)*

First, as a threshold matter, *Williams* forecloses Defendant's facial challenge to § 922(g)(1). *Williams*, F.4th at 657. The Sixth Circuit found the statute constitutional on its face. *Id.* The Court is bound to follow the appellate court's ruling. *See Hutto v. Davis*, 454 U.S. 370, 374-75 (1982) (emphasizing that courts must follow "the federal court system created by the Constitution and by Congress.)

As for Defendant's as applied challenge, a review of Defendant's criminal record leads the Court to believe that he is a dangerous individual under *Williams*. Therefore, § 922(g)(1) is constitutional as applied to him. The Court acknowledges that Defendant does not have a history of any crimes in the first *Williams* category (murder, rape, assault, or robbery). (ECF No. 43 at PageID.352-59). In fact, most of Defendants prior convictions fall under the third category of crimes that "cause no physical harm to another person or the community" (e.g., driving without a license, shoplifting, conspiracy to commit credit card fraud, etc.).

However, two incidents stand out to the Court and support the conclusion that some of Defendant's actions have put members of the community at risk of

7

being harmed. These two incidents, the Court finds, fall into the second *Williams* category of actions that "pose a significant threat of danger." *Id.* at 559.

The first piece of evidence includes Gill's possession of a Glock 45 that was ballistically linked to a non-fatal shooting and a homicide. (ECF No. 35-4 at Page ID.172.) The Court does not suggest that Gill was involved in the non-fatal shooting or homicide. However, these facts are comparable to a situation analyzed in *Williams*. There, the Sixth Circuit found that the defendant's dangerousness could be demonstrated by pointing to a previous conviction where the defendant was in possession of a firearm that was previously used to murder a police officer. *Williams*, F.4th at 662. This fact, coupled with Gill's additional possession of a Glock 23 handgun and an AK-style assault rifle, suggest that, at a minimum, Gill's actions "pose a significant threat of danger" and "puts someone's safety at risk." *Id.* at 559.

The second piece of evidence includes the aftermath of Defendant's attempt to fraudulently withdraw $60,000 from a Credit Union in 2022. When officers arrived, Defendant fled on foot, which led to officers pursuing him in patrol vehicles and chasing him on foot. The record reflects that, as a consequence of the chase, an officer and the defendant were struck by a patrol vehicle and fell to the ground. (ECF No. 43 at PageID.358.) Defendant's decision to evade police which led to the following events could have put other members in the community in

danger of harm. This event, coupled with the evidence stemming from the ballistic history and style of firearms found in his possession, are sufficient to lead the Court to a conclusion that § 922(g)(1) is constitutional as applied to him.

### B. Ineffective Assistance of Counsel

Mr. Gill asserts that he was denied effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show both that defense counsel's performance was deficient and that petitioner suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In support of his claim, Mr. Gill argues that his attorney "never motioned in my defense for my constitutional rights which I wanted to be represented in court for me." (ECF No. 52 at PageID.390.) The Court construes Mr. Gill's argument as claiming that counsel failed to raise a Second Amendment defense and failed to suggest 18 U.S.C. § 922 was unconstitutional as applied to him under *Bruen*. The Court finds that Mr. Gill's argument fails because he has not shown prejudice or deficient performance by counsel.

First, as discussed above, *even if* Mr. Gill's attorney had raised this argument before sentencing, it would not have succeeded under the *Williams* framework. As a result, a challenge to the constitutionality of the second amendment as applied to him would not prevail.

9

Second, attorneys are not required to advance or argue untenable claims and courts apply a deferential standard when reviewing an attorney's strategic decisions regarding representation. Counsel's representation was not deficient and did not depart from commonly established or recognized standards. Mr. Gill has failed to demonstrate prejudice or deficient performance; therefore, his argument fails.

For all the reasons stated, the Court denies Mr. Gill's Motion under 28 U.S.C. § 2255.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED**, that Defendant's Motion Under 28 U.S.C. § 2255 (ECF No. 51) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 29, 2025